James P. McARDLE, Esq., Plaintiff,

v.

AMERICAN ASSOCIATION OF RAIL-
ROADS et al., Defendants.

The PENNSYLVANIA RAILROAD COM-
PANY et al., Plaintiffs,

v.

James P. McARDLE et al., Defendants.

Civ. A. 16246, 16247.

United States District Court
W. D. Pennsylvania.

June 24, 1958.

John A. Robb, James E. McLaughlin, and John A. DeMay, Jr., of James P. McArdle, Pittsburgh, Pa., for James P. McArdle and others.

Mahlon E. Lewis, and J. Robert Maxwell, of Lewis & Drew, Pittsburgh, Pa., for American Association of Railroads, and others.

McILVAINE, District Judge.

James P. McArdle, Esq., a member of the Bar of this Court, filed an action against the American Association of Railroads, a corporation; The Pennsylvania Railroad Company, a corporation; The Aliquippa & Southern Railroad Company, a corporation; The Monongahela Connecting Railroad Company, a corporation; The Monongahela Railway Company, a corporation; The Union Railroad Company, a corporation; and The Pittsburgh & Lake Erie Railroad Company, a corporation (hereinafter referred to as the Railroads), at Civil Action No. 16246, seeking an injunction against the Railroads from interviewing any of his clients without his knowledge or taking any action that would impair his representation of his clients, and to restrain them from instituting any action in the Court of Common Pleas of Allegheny County.

At approximately the same time, the Railroads filed an action against James P. McArdle and others at No. 3462, October Term, 1957, in the Court of Common Pleas of Allegheny County, seeking to restrain Mr. McArdle and the others, alleging that there had been solicitation of clients, and the maintenance of said clients during trial. Thereupon, Mr. McArdle and the other defendants in that action filed a petition at No. 16247 in this Court for removal. The Court after a hearing granted the removal.

The Court had considerable discussions with counsel for both parties both

on and off the record, and it was agreed by all that this case involves more than cold legal precedent; that it involves the public, and that primarily this dispute involves the allegations concerning the ethical standards of a member of the Bar of this Court and his countercharges that the Railroads have been interfering with, harassing, or tampering with witnesses. It was agreed by all parties that since time immemorial the Courts have controlled and regulated the ethical standards of members allowed to practice in the Court, and that a rather well regulated procedure has been developed by the members of the Bar and the Courts to see that these regulations were properly enforced. It was agreed that the first group to consider ethical practices of Mr. McArdle would be the Grievance Committee of this Court. It was also agreed that the Court cannot and will not permit anyone to unlawfully impede the administration of justice in the District Court; and, therefore, the allegations that the Railroads impeded the administration of justice in this Court should be referred to the United States Attorney for the Western District of Pennsylvania for his investigation. Mr. McArdle claims that his practices and procedures were proper and that a full investigation would so reveal. The Railroads maintain that their practices were proper.

Therefore, it was agreed by John A. Robb, Esq., representing Mr. McArdle, and Mahlon Lewis, Esq., representing the Railroads, that the allegations of the Railroads against Mr. McArdle should be referred to the Grievance Committee of this Court, and the counterallegations of Mr. McArdle should be referred to the United States Attorney for investigation. It was understood that their determinations of the questions presented in these cases would be final. Thereupon, the Court referred the matter to its Grievance Committee for investigation with requests that it conduct the same as expeditiously as possible and file a report with the Court. This committee, composed of outstanding members of the Bar of the Court, spent many days in taking testimony and investigating the charges and on June 24, filed their report with this Court. This Court is appreciative of their sincere efforts.

At the time that the Court referred the allegations against Mr. McArdle to the Grievance Committee, it was brought to the attention of the then United States Attorney, D. Malcolm Anderson, now the Assistant Attorney General in Charge of the Criminal Division of the United States Department of Justice, the allegations of Mr. McArdle against the Railroads. Mr. Anderson has advised the Court that he has conducted a complete investigation of these charges and has found no evidence of any violation of the laws of the United States. However, he further advised the Court that the Railroads would discontinue their practice of interviewing litigants who have filed suit against them without notifying the attorney for any of the litigants of their desire to interview a client.

The Court having considered the findings of the then United States Attorney and now Assistant Attorney General in Charge of the Criminal Division, and having complete confidence in the investigative procedures he employed, and his having found that there was no violation of the laws of The United States, the complaint filed by James P. McArdle vs. American Association of Railroads at Civil Action No. 16246 should be and hereby is dismissed with prejudice. Also, this Court having had the opportunity to consider the investigation and the report filed by its own Grievance Committee investigating the allegations against Mr. McArdle and others, hereby adopts the said report in all respects as its findings and directs that the Railroads' complaint filed against James P. McArdle, et al., at Civil Action No. 16247 should be and hereby is dismissed with prejudice.